UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALFONSO RIZZUTO,

                Plaintiff,

-against-                                    9:23-CV-1158 (LEK/MJK)

PHIL MELECIO, *et al.*,

                Defendants.

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

Plaintiff Alfonso Rizzuto commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants, asserting violations of the First and Eighth Amendments. Dkt. No. 1 ("Complaint"). Defendants Melecio, Morley, Klepsis, Gleblocki, and Brugger filed a motion to dismiss. Dkt. No. 19 ("Motion"). On October 17, 2024, the Honorable Mitchell J. Katz, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d) recommending the Court deny the Motion. Dkt. No. 29 ("Report and Recommendation") at 1.

No party has filed objections to the Report and Recommendation. For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

**II.    BACKGROUND**

The Court presumes familiarity with the factual allegations detailed in the Report and Recommendation. *See id.* at 3–7.

In the Report and Recommendation, with respect to Plaintiff's Eighth Amendment medical indifference claim against Defendant Morley, Judge Katz rejected Defendants' argument

1

that Plaintiff failed to sufficiently allege personal involvement. *Id.* at 7–8. Specifically, Judge Katz noted that Defendant Morley responded to Plaintiff's grievances, yet "did not intervene in the alleged indifference to [P]laintiff's worsening psoriasis." *Id.* at 8. In arriving at his conclusion that Plaintiff had sufficiently pled personal involvement, Judge Katz noted that "[c]ourts have found personal involvement where a supervisor receives and acts on an inmate's grievance or otherwise reviews and responds to an inmate's complaint." *Id.* (quoting *Russin v. Vermont*, No. 19-CV-105, 2020 WL 2537458, at *2 (D. Vt. May 19, 2020)).

With respect to Plaintiff's Eighth Amendment conditions of confinement claim against Defendants Melecio, Klepsis, and Gleblocki, Judge Katz rejected Defendants' personal involvement argument on similar grounds. R. & R. at 8–9. Judge Katz also found that Plaintiff sufficiently pled both the objective and subjective components of a conditions of confinement claim. *Id.* at 9–10.

Lastly, when analyzing Plaintiff's First Amendment retaliation claim against Defendants Melecio and Brugger, Judge Katz found that Plaintiff's allegations were sufficient to suggest that Defendants were personally involved due to their filing of a false disciplinary ticket. *Id.* at 11–12.

### III.   LEGAL STANDARD

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1)(C); *see also* L.R. 72.1. However, if no objections are made, a district court need only review a report and recommendation for clear error. *See DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to

which no timely objections have been made, provided no clear error is apparent from the face of the record."). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." *Rivera v. Fed. Bureau of Prisons*, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019) (cleaned up). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

## IV.  DISCUSSION

No party objected to the Report and Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report and Recommendation for clear error. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 29, is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED**, that Defendant's Motion to dismiss, Dkt. No. 19, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   November 19, 2024
         Albany, New York

LAWRENCE E. KAHN
United States District Judge