UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALFONSO RIZZUTO,

Plaintiff,

-against- 9:23-CV-1158 (LEK/MJK)

PHIL MELECIO, *et al.*,

Defendants.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

Plaintiff Alfonso Rizzuto commenced this action pursuant to 42 U.S.C. § 1983 against Phil Melecio, Dr. John Morley, Vincent Brugger, Danielle Glebocki, Dr. James Gettler, and Charles Klepeis (collectively, "Defendants"),[1] asserting violations of the First and Eighth Amendments to the United States Constitution. Dkt. No. 1 ("Complaint"). Defendants filed a motion for summary judgment. Dkt. No. 50 ("Motion"). On July 7, 2026, the Honorable Mitchell J. Katz, United States Magistrate Judge, issued a Report and Recommendation recommending that the Court grant the Motion in part and deny the Motion in part. Dkt. No. 64 ("Report and Recommendation") at 1. Plaintiff filed objections. Dkt. No. 67 ("Objections").

For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

---

[1] Plaintiff named "T. Gleback" and "Charles Klepsis" as Defendants in the Complaint, but the correct names for these Defendants appear to be "Danielle Glebocki" and "Charles Klepeis," respectively. *See* Dkt. No. 51 at 1 n.1.

## II. BACKGROUND

The Court assumes familiarity with the Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 2–21.

## III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

When written objections are filed and the district court conducts a *de novo* review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F. 4th 349, 359 (2d Cir 2025). "To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385, 2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)). Further, "[a] proper objection must be timely. Failure to timely object may 'operate as a forfeiture of further judicial review' of the magistrate judge's decision." *Nambiar*, 158 F.4th at 359 (cleaned up) (quoting *Mario v. P&C Food Mkts.*, 313 F.3d 758, 766 (2d Cir. 2002)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV. DISCUSSION

Plaintiff objects to the Report and Recommendation's dismissal of his Eighth Amendment medical indifference claims. Obj. at 1; *see* Compl. at 3. Plaintiff's objections, which are specific as to Dr. Gettler, restate his allegations against Dr. Gettler and argue that Judge Katz erred in making a "value judgment" as to the efficacy of Dr. Gettler's treatment. Obj. at 1–2.

Specifically, Plaintiff objects that this "value judgment" was "misplaced because it is an issue of material fact whether the substituted treatment and denial of mandated treatment was proper, viable or necessary in lieu of what had worked for years and ordered by a specialist." *Id.* at 2–3. The Court reviews these issues *de novo*. *See A.V. by Versace Inc.*, 191 F. Supp. 2d at 406.

"To prevail on an Eighth Amendment claim for deliberate indifference to medical needs, a plaintiff must show: (1) the inadequacies in his medical care were objectively serious (the objective test); and (2) the defendant acted with deliberate indifference to his serious medical needs (the subjective test)." *Collins v. Figura*, No. 23-109, 2024 WL 1739084, at *1 (2d Cir. Apr. 23, 2024) (citing *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003)). As to the subjective test, a plaintiff must show that a defendant "act[ed] or fail[ed] to act while *actually aware* of a substantial risk that serious inmate harm will result." *Spavone v. N.Y. State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013) (emphasis in original) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006)). "It is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Wright v. Martin*, No. 23-7762, 2025 WL 1091221, at *3 (2d Cir. Apr. 8, 2025) (quoting *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998)).

As with the Report and Recommendation, the Court assumes satisfaction of the objective component of this claim for the purposes of this Motion. *See* R. & R. at 28. However, the Court finds that Plaintiff failed to satisfy the necessary subjective component as he has not shown that Dr. Gettler acted with deliberate indifference. *See Collins*, 2024 WL 1739084, at *1. Although Plaintiff may have "prefer[red] a different treatment, [that] does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703. While Plaintiff is correct that the Court may not grant summary judgment on an issue where there are genuinely disputed material facts, a

dispute is only genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Here, the Court agrees with the Report and Recommendation that no reasonable jury could find that Dr. Gettler acted with deliberate indifference to Plaintiff's medical needs. *See* R. & R. at 28–32. Although Plaintiff objects that the Report and Recommendation "latches" onto Dr. Gettler's notes that Plaintiff's "skin appear[ed] significantly improved," Obj. at 3 (citing R. & R. at 29), Judge Katz provided extensive reasoning and recitation of the facts in support of the finding that Dr. Gettler provided Plaintiff with "ample medical care." R. & R. at 28–32. Upon review of the facts and the parties' submissions, the Court likewise finds no genuine issue of material fact as to the constitutional sufficiency of Dr. Gettler's medical care. Therefore, the Court dismisses Plaintiff's objections.

The Court notes that Defendants did not file objections to the Report and Recommendation's denial of their Motion as to Plaintiff's Eighth Amendment conditions-of-confinement claims and as to Defendants' qualified immunity defense. *See* Dkt. Additionally, Plaintiff did not object to the Report and Recommendation's granting of Defendants' Motion as to Plaintiff's First Amendment retaliation claims. *See id.* Accordingly, the Court reviews the Report and Recommendation on these issues for clear error. *See DiPilato*, 662 F. Supp. 2d at 339. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 64, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Defendants' motion for summary judgment, Dkt. No. 50, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED**, that Defendants' motion for summary judgment, Dkt. No. 50, is **GRANTED** as to Plaintiff's Eighth Amendment medical indifference claims and as to Plaintiff's First Amendment retaliation claims; and it is further

**ORDERED**, that Defendants' motion for summary judgment, Dkt. No. 50, is **DENIED** as to Plaintiff's Eighth Amendment conditions-of-confinement claims and as to Defendants' qualified immunity defense; and it is further

**ORDERED**, that the Clerk shall **TERMINATE** Defendants Morley, Gettler, and Brugger from this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.[2]

**IT IS SO ORDERED.**

DATED: September 21, 2026
Albany, New York

LAWRENCE E. KAHN
United States District Judge

[2] The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein.